# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 10-0669V
### Filed: April 30, 2013

* * * * * * * * * * * * * * * * * * * * * * * * * *

ALEX B. KENZORA,      *

     *

        Petitioner,      *      Stipulation; Influenza; Transverse Myelitis;

    v.      *      Attorney Fees and Costs

     *

SECRETARY OF HEALTH      *

AND HUMAN SERVICES,      *

     *

        Respondent.      *

* * * * * * * * * * * * * * * * * * * * * * * * * *

Jeffrey Golvash, Brennan, Robbins & Daley PC, Pittsburg, PA for petitioner.
Melonie McCall, U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Special Master:

Alex B. Kenzora ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on October 4, 2010. Petitioner alleges he developed transverse myelitis as a result of an influenza ["flu"] vaccine he received on October 19, 2007, and he further alleges that he experienced residual effects of this injury for more than six months. *See* Stipulation, filed April 30, 2013, at ¶¶ 2, 4. Respondent denies that petitioner's flu vaccine is the cause of his transverse myelitis or current disabilities. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On April 30, 2013, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

Respondent agrees to pay petitioner:

- A lump sum payment of **$104,737.34** in the form of a check payable to petitioner, which represents compensation for all damages that would be available under § 15(a), except as set forth in paragraph 8.b, 8.c, and 8.d of the stipulation,

- A lump sum payment of **$269,388.21**, which represents reimbursement of a State of West Virginia Medicaid lien, in the form of a check payable jointly to petitioner and DHHR/HMS Tort Recovery; P.O. Box 11073; Charleston, WV 25339; Case Number: 125148; Attn: Ms. Tiffany Stewart, and

- An amount sufficient to purchase the annuity contract described in paragraph 10 of the stipulation, paid to the life insurance company from which the annuity will be purchased.

**The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein.**

The parties' April 30, 2013 stipulation also addressed attorney fees and costs. I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to §§ 15(b) and (e)(1). Further, the proposed amount seems reasonable and appropriate. **Accordingly, I hereby award the total $32,240.97[3] as follows:**

- a lump sum of **$31,890.97** in the form of a check payable jointly to petitioner and petitioner's counsel of record for petitioner's attorney fees and costs, and

- a lump sum of **$350.00** in the form of a check payable to petitioner for his personal litigation costs.

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

> **s/ Denise K. Vowell**
> Denise K. Vowell
> Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALEX B. KENZORA, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) No. 10-669V |
| SECRETARY OF HEALTH | ) Special Master Vowell |
| AND HUMAN SERVICES | ) |
| | ) |
| Respondent. | ) |
| | ) |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Alex B. Kenzora, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received his flu vaccination on October 19, 2007.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he sustained the first symptom or manifestation of the onset of transverse myelitis within three days of receipt of the vaccine, and that he experienced the residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that petitioner suffered the onset of transverse myelitis as the result of his October 19, 2007 flu vaccination and denies that the flu vaccine caused his transverse myelitis and current disabilities.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $104,737.34, which amount represents compensation for pain and suffering ($75,000.00) and past unreimbursable expenses ($29,737.34), in the form of a check payable to petitioner, Alex B. Kenzora. This amount represents all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraphs 8.b., 8.c. and 8.d.;

b. A lump sum of $269,388.21, which amount represents reimbursement of a State of West Virginia Medicaid lien, in the form of a check payable jointly to petitioner and

DHHR/HMS TORT RECOVERY
P.O. Box 11073
CHARLESTON, WEST VIRIGINIA 25339
Case Number: 125148
Attn: Ms. Tiffany Stewart

c. A lump sum of $31,890.97 in the form of a check payable to petitioner and petitioner's attorney, Jeffrey Golvash, Esq., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and in compliance with General Order No. 9, $350.00 in the form of a check payable to petitioner for out-of-pocket expenses incurred by petitioner in proceeding on the petition; and

d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

2

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Alex B. Kenzora, pursuant to which the Life Insurance Company will agree to make payments periodically to Alex B. Kenzora for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a), as follows:

a. Beginning as soon as practicable after the date of judgment, $6,000.00 per month for five (5) years life contingent, increasing at three percent (3%) compounded annually from the date payments begin.

The payments provided for in this paragraph 10 shall be made as set forth above. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of Alex B. Kenzora's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity

3

contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

13. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

14. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

15. In return for the payments described in paragraph 8, petitioner, in his individual capacity, on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or

4

alleged to have resulted from, the flu vaccination administered on October 19, 2007, as alleged by petitioner in a petition for vaccine compensation filed on October 4, 2010, in the United States Court of Federal Claims as petition No. 10-669V.

16. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

17. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

18. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

19. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

20. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner suffered the onset of transverse myelitis as the result of his flu vaccination or that the vaccine caused his transverse myelitis.

5

21. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

6

Respectfully submitted,

PETITIONER:

_____
ALEX B. KENZORA

ATTORNEY OF RECORD FOR
PETITIONER:

_____
JEFFREY A. GOLVASH, ESQ.
BRENNAN, ROBINS & DALEY, P.C.
Fort Pitt Commons, Suite 200
445 Fort Pitt Boulevard
Pittsburgh, Pennsylvania, PA 15219-1322
Tel: (412) 281-0776


AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146


AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
VITO CASERTA, M.D., M.P.H.
Acting Director, Division of Vaccine
Injury Compensation (DVIC)
Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: ____4/30/13____


ATTORNEY OF RECORD FOR
RESPONDENT:

_____
MELONIE J. McCALL
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098

7